IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CALIFORNIA SPORTFISHING
PROTECTION ALLIANCE,

      Plaintiff,                          CIV. NO. S-10-1801 GEB GGH

   vs.

PARADISE READY MIX, INC., et al.,

      Defendants.                     <u>ORDER</u>

         Previously pending on this court's law and motion calendar for April 28, 2011, was plaintiff's motion to compel inspections of land and property, filed March 15, 2011. Defendants filed a motion for protective order on the morning of the hearing. Erik Roper appeared on behalf of plaintiff. Defendants Callaway and Harrison appeared pro se.

         After hearing oral argument and having reviewed plaintiff's papers, the court now issues the following order.

<u>BACKGROUND</u>

         This case is proceeding on the complaint, filed July 13, 2010. California Sportfishing Protection Alliance ("CSPA") is proceeding as a "citizen enforcer," under the Clean Water Act, 33 U.S.C. § 1251 *et seq*., alleging that Paradise Ready Mix, Inc. ("PRM") and defendants Callaway and Harrison, its owners and/or operators, are continuing to violate the

terms of the National Pollutant Discharge Elimination System (NPDES) Permit based on storm water discharged from defendants' ready mix concrete facility in Paradise.  In addition to these alleged violations, plaintiff further alleges that defendants failed to implement the required Best Available Technology Economically Achievable ("BAT") for toxic and non-conventional pollutants, and Best Conventional Pollutant Control Technology ("BCT") for conventional pollutants, and that they failed to develop and implement an adequate Storm Water Pollution Prevention Plan and adequate Monitoring and Reporting Program.  Plaintiff seeks civil penalties, injunctive relief and costs.

Plaintiff seeks to compel inspection of defendants' facility pursuant to CSPA's second and third formal notices of inspection issued February 14, 2011.  There are two requests for inspection noticed, one for one dry inspection initially noticed for March 21, 2011, and one for three "wet" inspections, during the wet season, March 21 through May 31, 2011.

Defendants did not file an opposition, and according to the affidavit of plaintiff's counsel, have refused to participate in the joint statement requirements of E.D. Local Rule 251.  However, a half hour before hearing, defendants filed a motion for protective order.[1]

DISCUSSION

At hearing, and after extensive discussion with the parties: because plaintiff's desire to have inspections will not be prejudiced by a short deferral of its motion, because the status of the defendants needs to be clarified for the record, because the existence of the business at issue is in question financially speaking, and because the potential for settlement exists, the undersigned determined to defer action on the motion to compel inspection, and instead sets on

---

[1] Although defendants responded to plaintiff's first request for inspection (which is not at issue here), they did not respond to plaintiff's second or third requests for inspection.  In communication both by phone and by email, defendants' representative, Mr. Callaway, absolutely refused to grant CSPA access to the Facility for inspections. (Pl.'s Exs. C, D.)
  With respect to the joint statement, plaintiff submitted its draft to defendants, who did not respond to it. (Id., Exs. E, F.)  After several phone calls from plaintiff's counsel, defendants finally informed plaintiff that they were refusing to participate in drafting a joint statement but would be filing their own pleading.

calendar several necessary actions.

First, defendants' motion for protective order was not timely noticed. It was not considered on its merits because of the time of filing; however, it is deemed as having been properly filed on this date for future consideration. Plaintiff will be given the opportunity to respond, and then it will be taken under submission after the court determines whether a hearing is necessary.

Second, defendants represented at hearing that Callaway is a sole proprietor who is doing business as Paradise Ready Mix which has been found to be unincorporated. Defendant Harrison represented that he is an employee of Callaway only, and is not a manager. He will file a declaration to this effect, with plaintiff's assistance if he so desires, within twenty-one days of this order. If Harrison's statement is verified, plaintiff will thereafter file a stipulation to amend the complaint, and an amended complaint, to reflect that the only defendant is Callaway. If plaintiff determines that no stipulation concerning Harrison's status can be filed, plaintiff shall notify the court, again, within twenty-one days of the filed date of this order.

Third, at the hearing, the parties expressed an interest in an early settlement conference and agreed to the undersigned acting as the settlement judge. Therefore, a settlement conference will be set before the undersigned on either June 6, June 21 or July 13, 2011, at 9:00 a.m. The parties shall agree to one of these dates and notify the courtroom clerk of the undersigned, Valerie Callen, (916) 930-4199, of the chosen date, within seven (7) days of this order.

The settlement conference shall be conducted in accordance with E.D. Local Rule 270 unless otherwise stated. Each party is directed to have a principal capable of disposition at the Settlement Conference or to be fully authorized to settle the matter on any terms at the conference. Each party is directed to mail to undersigned's chambers confidential settlement conference statements seven (7) days prior to the conference. Such statements are to be filed neither with the clerk nor served on the opposing party, and they shall remain confidential.

However, each party shall file a one page document entitled Notice of Submission of Confidential Settlement Conference Statement. As discussed at hearing, to the extent defendant has documentation supporting financial problems related to the operation of the business, he should bring them to the settlement conference.

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Within twenty-one (21) days of this order, plaintiff shall file an opposition to defendants' motion for protective order. Defendants may file a reply seven days thereafter. The court will then determine whether a hearing is necessary or take the matter under submission.

2. Plaintiff's motion to compel inspections of land and property, filed March 15, 2011, (dkt. #16), and defendants' motion for protective order, filed April 28, 2011, (dkt. #20), are deferred pending completion of a settlement conference.

3. Within twenty-one (21) days of this order, defendant Harrison shall file a declaration regarding his status as employee of PRM.

4. Within seven (7) days after Harrison files his declaration, plaintiff shall file a stipulation to amend the complaint and amended complaint naming the proper defendants, or plaintiff shall notify the court concerning the inability to file a stipulation .

5. An early settlement conference will be scheduled on either June 6, June 21, or July 13, 2011, at 9:00 a.m. The parties shall file notify the courtroom clerk, Valerie Callen, (916) 930-4199, of their selected date, within seven (7) days of this order.

6. Seven (7) days prior to the settlement conference, the parties shall mail confidential settlement conference statements to the undersigned's chambers and shall file a Notice of Submission of Confidential Settlement Conference Statement.

DATED: May 2, 2011         /s/ Gregory G. Hollows
                           _____
                           U.S. MAGISTRATE JUDGE

GGH:076/CSPA1801.insp.wpd