IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA SPORTFISHING PROTECTION ALLIANCE,<br><br>    Plaintiff,<br><br>vs.<br><br>WILLIAM CALLAWAY, dba PARADISE READY MIX, INC.,<br><br>    Defendant.<br>_____ / | CIV. NO. S-10-1801 GEB GGH<br><br><br><br><br><br>ORDER |

       Previously pending on this court's law and motion calendar for April 28, 2011, was plaintiff's motion to compel inspections of land and property, filed March 15, 2011.[1] Defendant did not participate in the joint statement, but filed an opposition to the motion on the day of the hearing. Erik Roper appeared on behalf of plaintiff. Defendant Callaway[2] appeared pro se.

       On May 2, 2011, this court deferred ruling on plaintiff's motion to compel

---

[1] Defendants filed a motion for protective order on the morning of the hearing which was later withdrawn by Stipulated Order, filed June 21, 2011. (Dkt. no. 33.)

[2] Defendant Harrison also appeared at the hearing, but he has since been dismissed from the action and the case is proceeding against defendant Callaway only, dba Paradise Ready Mix. (Dkt. nos. 32, 34.)

1 pending completion of a settlement conference.  The settlement proceedings were not fruitful,
2 and further settlement conference was cancelled on September 9, 2011.  Accordingly, plaintiff's
3 motion to compel will now be addressed.

4 BACKGROUND

5       This case is proceeding on the amended complaint, filed June 21, 2011.
6 California Sportfishing Protection Alliance ("CSPA") is proceeding as a "citizen enforcer,"
7 under the Clean Water Act, 33 U.S.C. § 1251 *et seq*., alleging that William Callaway, dba
8 Paradise Ready Mix, Inc. ("PRM") is continuing to violate the terms of the National Pollutant
9 Discharge Elimination System (NPDES) Permit based on storm water discharged from
10 defendant's ready mix concrete facility in Paradise.  In addition to these alleged violations,
11 plaintiff further alleges that defendant failed to implement the required Best Available
12 Technology Economically Achievable ("BAT") for toxic and non-conventional pollutants, and
13 Best Conventional Pollutant Control Technology ("BCT") for conventional pollutants, and that
14 he failed to develop and implement an adequate Storm Water Pollution Prevention Plan and
15 adequate Monitoring and Reporting Program.  Plaintiff seeks civil penalties, injunctive relief and
16 costs.

17       Plaintiff seeks to compel inspection of defendant's facility pursuant to CSPA's
18 second and third formal notices of inspection issued February 14, 2011.  There are two requests
19 for inspection noticed: the second request for inspection seeks one dry inspection and was
20 initially noticed for March 21, 2011; the third request is for three "wet" inspections, during the
21 wet season, March 21 through May 31, 2011.

22 DISCUSSION

23       The requests for inspection seek to inspect areas or equipment from which liquids
24 or runoff may drain, including storm drains, surfaces, loading or unloading areas, maintenance
25 areas, storage areas, fueling areas, bermed areas, entrances, exits, storm water pollution
26 management measures, and areas of potential spill.  Samples requested include soil, materials,

1  product and runoff.  Plaintiff seeks an order of a dry inspection from thirty days of a court order
2  to December 30, 2011.  It seeks three wet inspections prior to December 30, 2011.  Plaintiff also
3  seeks fees incurred in bringing the instant motion.
4          Although defendant responded to plaintiff's first request for inspection (which is
5  not at issue here), he did not respond to plaintiff's second or third requests for inspection.  In
6  communication both by phone and by email, Mr. Callaway absolutely refused to grant CSPA
7  access to the Facility for inspections.  (Pl.'s Exs. C, D.)  Plaintiff argues that pursuant to Fed. R.
8  Civ. P. 34(b)(2)(A), defendant has waived any right to object because he failed to raise any
9  formal objections whatsoever.  (Roper Aff., ¶ 16.)  Although Rule 34 does not specifically
10 provide for a waiver where an objection is absent or untimely, courts have held that such failure
11 may be deemed a waiver.  Covad Communications Co. v. Revonet, Inc., 258 F.R.D. 17, 25
12 (D.D.C. 2009).
13         With respect to the joint statement, plaintiff submitted its draft to defendant, who
14 did not respond to it.  (Id., Exs. E, F.)  After several phone calls from plaintiff's counsel,
15 defendant finally informed plaintiff that he was refusing to participate in drafting a joint
16 statement but would be filing his own pleading, in violation of E. D. Local Rule 251.  Plaintiff
17 did not file an opposition to the motion until the morning of the hearing, at which time he also
18 filed a motion for protective order.  To the extent the rules construe plaintiff's motion as one
19 concerning a complete and total failure to respond to a discovery request, defendant's opposition
20 is untimely, and it will not be considered.  E. D. Local Rule 251(e).
21         Plaintiff's second and third requests for inspections will be granted.  The requests
22 are relevant to plaintiff's allegations in the amended complaint that defendant has not complied
23 with federal and state law in controlling discharge of pollutants in the storm water from
24 defendant's facility.  CSPA can inspect defendant's property to determine whether defendant is
25 properly managing storm water discharges.  The requests are also narrowly tailored as to time
26 and areas to be inspected.  (Roper Aff., ¶¶ 26, 28.)

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel inspections of land and property, filed March 15, 2011, (dkt. #16), is granted.

2. Defendant shall permit plaintiff to conduct a dry inspection of defendant's facility consistent with plaintiff's second request on any mutually agreeable weekday between thirty (30) days from the date of service of this order on defendant and December 31, 2011.

3. Defendant shall permit plaintiff to conduct three wet inspections of defendant's facility consistent with plaintiff's third request, as mutually agreed upon, prior to December 31, 2011.

4. Plaintiff's request for expenses incurred in bringing this motion is denied; however, defendant is warned that any future failures to comply with the local rules of court or orders of the court will result in sanctions.

DATED: September 26, 2011

    /s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:076/CSPA1801.mtc.wpd