IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CALIFORNIA SPORTFISHING
PROTECTION ALLIANCE,

        Plaintiff,                     CIV. NO. S-10-1801 GEB GGH PS

   vs.

WILLIAM CALLAWAY,
dba PARADISE READY MIX,               <u>ORDER</u>

        Defendants.

_____/

        Defendant, who proceeds in pro se, filed two sets of objections to this court's order and findings and recommendations, filed March 20, 2012. The first set of objections, filed March 30, 2012, has been addressed separately by the district judge in regard to the findings and recommendations. (Order, filed May 1, 2012.) The objections filed April 24, 2012, pertain to the order portion of the March 20th opinion and will be construed as a motion for reconsideration before the undersigned of the order granting plaintiff's motion to compel discovery.

        Parties seeking reconsideration should demonstrate "new or different facts or circumstances [which] are claimed to exist or were not shown upon such prior motion, or what other grounds exist for the motion." E.D. Cal. L. R. 230 (j); see <u>United States v. Alexander</u>, 106 F.3d 874, 876 (9th Cir.1997) (citing <u>Thomas v. Bible</u>, 983 F.2d 152, 154 (9th Cir.), <u>cert. denied</u>,

508 U.S. 951, 113 S.Ct. 2443, 124 L.Ed.2d 661 (1993)) (reconsideration appropriate for a change in the controlling law, facts, or other circumstances, a need to correct a clear error, or a need to prevent manifest injustice). "After thoughts" or "shifting of ground" are not appropriate bases for reconsideration. Fay Corp. v. BAT Holdings I, Inc., 651 F.Supp. 307, 309 (W.D. Wash.1987), aff'd, 896 F.2d 1227 (9th Cir.1990). The standards "reflect[ ] district courts' concern for preserving dwindling resources and promoting judicial efficiency." Costello v. United States Government, 765 F.Supp. 1003, 1009 (C.D. Cal.1991).

   Defendant has failed to proffer any facts or argument which would demonstrate an appropriate basis for reconsideration. He reiterates his previously stated need for more time to respond to discovery based on his planned hip surgery and subsequent recovery; however, the undersigned previously had considered the entirety of defendant's request, (dkt. no. 67), and explained that "this action has been pending for quite some time, and the motion to compel has already been continued twice...." (Order, filed March 12, 2012, Dkt. no. 69.) Defendant, although arguing that he needed more time to respond to voluminous discovery, has been aware of the discovery at issue since it was first propounded on January 11, 2011, nearly a year and four months ago. See Dkt. no. 49 at 2. The other filings for which defendant claims to have needed more time to respond were instigated by defendant himself, specifically the motion to dismiss. (Dkt. no. 78 at 5, ¶¶ 9-14.) Defendant's other bases for reconsideration are similarly unmeritorious and require no further discussion. Therefore, plaintiff's motion will be denied.

   Accordingly, IT IS ORDERED that: Plaintiff's objections, construed as a motion for reconsideration, filed April 24, 2012, (dkt. # 78), is denied.

DATED: May 9, 2012

        /s/ Gregory G. Hollows
      UNITED STATES MAGISTRATE JUDGE

GGH:076/CSPA1801.rec.wpd