IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CALIFORNIA SPORTFISHING
PROTECTION ALLIANCE,

              Plaintiff,                      No. 2:-10-cv-1801 GEB GGH PS

        vs.

WILLIAM CALLAWAY,
dba PARADISE READY MIX,

                                        ORDER

              Callaway.

_____/

        Previously pending on this court's law and motion calendar for May 24, 2012, was California Sportsfishing Protection Alliance's ("CalSpa") motion for order deeming admitted plaintiff's First Set of Requests for Admissions, and for sanctions, filed April 25, 2012. CalSpa was represented by Erik Roper.  William Callaway appeared in pro se.  Having reviewed the joint statement and heard oral argument, the court now issues the following order.

BACKGROUND

        This case is proceeding on the amended complaint, filed June 21, 2011. California Sportfishing Protection Alliance ("CalSpa") is proceeding as a "citizen enforcer," under the Clean Water Act ("CWA"), 33 U.S.C. § 1251 *et seq.*, alleging that William Callaway,

dba Paradise Ready Mix, Inc. is continuing to violate the terms of the National Pollutant Discharge Elimination System (NPDES) Permit based on storm water discharged to a "wash" at the border of the cement facility from Callaway's ready mix concrete facility in Paradise.  In addition to these alleged violations, CalSpa further alleges that Callaway failed to implement the required Best Available Technology Economically Achievable ("BAT") for toxic and non-conventional pollutants, and Best Conventional Pollutant Control Technology ("BCT") for conventional pollutants, and that he failed to develop and implement an adequate Storm Water Pollution Prevention Plan and adequate Monitoring and Reporting Program.  CalSpa seeks civil penalties, injunctive relief and costs.

DISCUSSION

    I.  Requests for Admissions

        Defendant Callaway has a long history of delaying the discovery process in this case, and in particular the discovery at issue.

        Plaintiff's first set of requests for admissions were served on Callaway on January 11, *2011*.[1]  Although Callaway did respond, the responses contained "myriad deficiencies and improprieties," according to plaintiff.  (Dkt. no. 70 at 7.)  On November 2, 2011, Callaway provided amended responses; however, as they were insufficient, on November 14, 2011, plaintiff moved to compel amended responses to these requests.  (Dkt. no. 49.)  The original hearing date of December 15, 2011 was continued a few times, and was finally heard on March 15, 2012.  By orders filed March 16 and 20, 2012, Callaway was directed to respond to discovery, including CalSpa's First Set of Requests for Admissions, numbered 1-16, and 19-22. (Dkt. nos. 72, 74.)  Callaway was admonished that his discovery efforts in this case up to that point were obfuscative.

---

[1] Plaintiff also served its First Request for Production of Documents and First Set of Interrogatories at that time; however, only the Requests for Admissions are at issue in plaintiff's current motion.

> [T]he court finds that all responses are evasive and intended to not convey any substantive information.  The myriad, boilerplate objections based on Callaway's self-incrimination contention has been found to be without merit.  <u>United States v. Ward</u>, <u>supra</u>.  Moreover, the tedious and near universal protestations that the terms used by CalSpa are not understandable to Callaway, fail to take into account the express definitions given to those words, or are simply, for the most part, designed to stall discovery.  Callaway has not exercised the diligence necessary to be able to state with credibility that he has investigated the factual aspects of the discovery request at issue, but that after exercising that diligence, he either does not know the answer or only can maintain a partial answer.

Order, March 20, 2012 at 18.

At that time, Callaway was warned that "failure to properly respond to the discovery requested would result in sanctions, including the possibility of some or all admissions being deemed admitted.  (Dkt. no. 72.)  After Callaway filed objections and they were considered, the court extended Callaway's deadline to respond from March 31 to April 20, 2012.  Despite being contacted by CalSpa, Callaway still did not produce any further responses in a separate pleading.

Calspa now seeks to deem all requests for admission admitted, even though the previous motion concerning the requests for admissions concerned only requests for admissions numbered 1-16 and 19-22.  (Dkt. nos. 68 at 51-52, 72.)  CalSpa asserts that since the court previously warned plaintiff that failure to properly respond would result in some or all admissions being deemed admitted, and Callaway has failed to produce any amended responses, they should all be deemed admitted.  CalSpa also seeks fees and costs incurred in bringing this motion.

Callaway argues in his portion of the joint statement many things, the least of which is any opposition to the motion to compel.  He spends much of his brief arguing the merits of the case, including the facts of why he has had nothing to do with the property at issue since the end of 2010.[2]  He also explains his failure to respond to the court's order by stating that he is

---

[2]The undersigned has advised Callaway in the past that if he believes that a Clean Water Act claim is not longer viable against him, in whole or in part, he must filed a summary judgment

1  still recovering from hip surgery.[3]

2          In finally responding to the motion, Callaway argues that he has a Fifth

3  Amendment right to remain silent "when any admission is clearly intended to be used to

4  prosecute the Defendant." (Dkt. no. 83:4.)  He also repeats a few of the same incorrect

5  arguments he has previously asserted, including that the statute is penal in nature and a warrant

6  based on probable cause is required for searches such as plaintiff conducts.

7          Also buried within the Joint Statement are Callaway's "Second Amended

8  Answers," which appear to be responses to RFAs numbered 1-9, and 23-35,[4] which are less than

9  half of the RFAs at issue here.  (Id. at 19-31.)

10         With regard to requests for admission, "[a] matter is admitted unless, within 30

11  days after being served, the party to whom the request is directed serves on the requesting party a

12  written answer or objection addressed to the matter and signed by the party or its attorney."  See

13  Fed. R. Civ. P. 36(a)(3).  "A matter admitted under this rule is conclusively established unless

14  the court, on motion, permits the admission to be withdrawn or amended."  Fed. R. Civ. P. 36(b).

15  "[T]he court may permit withdrawal or amendment if it would promote the presentation of the

16  merits of the action and if the court is not persuaded that it would prejudice the requesting party

17  in maintaining or defending the action on the merits."  Id.; see also Hadley v. United States, 45

18  F.3d 1345, 1348 (9th Cir. 1995) ("Two requirements, therefore, must be met before an admission

19  may be withdrawn: (1) presentation of the merits of the action must be subserved, and (2) the

20  party who obtained the admission must not be prejudiced by the withdrawal.")  "[A] district

21

22  motion to have that assertion adjudicated short of trial on the matter.  Callaway's "innocence"
    assertions inserted into almost every paper he files in this case are irrelevant if brought outside

23  the summary judgment context.

24      [3] The court and Cal Spa have been more than solicitous of Mr. Callaway and his various
    excuses to postpone his responsibilities in this case.  The fact of the matter is that his actions at

25  this point simply constitute foot dragging.  The requirement to fully and in good faith respond to
    the requests for admission at issue would not tax his recovery from hip surgery.

26      [4]  RFAs 23-35 are not at issue in this motion.

                                                4

1  court's failure to consider these factors will constitute an abuse of discretion."  Conlon v. United

2  States, 474 F.3d 616, 625 (9th Cir. 2007).

3         However, Rule 36(b) is permissive – even if its two factors are satisfied (for

4  withdrawing an admission), a court may still deny relief to withdraw the admissions.  See e.g.

5  Conlon, 474 F.3d at 625 ("Therefore, when a district court finds that the merits of the action will

6  be subserved and the nonmoving party will not be prejudiced, it 'may' allow withdrawal, but is

7  not required to do so under the text of Rule 36(b).")  "[T]he district court may consider other

8  factors, including whether the moving party can show good cause for the delay and whether the

9  moving party appears to have a strong case on the merits."  Id.

10        In its previous order, the court outlined some of the requests for admissions and

11  Callaway's responses by way of example, which are repeated here.  RFA number 1 sought an

12  admission that "the Facility is subject to the General Permit."  Callaway objected to the request,

13  claiming that it improperly called for expert opinion or a legal conclusion regarding the definition

14  of "Facility," whether this term applies to the business "previously owned" by Callaway, and

15  whether it is subject to the General Permit.  Callaway denied this request, stating he is without

16  sufficient knowledge to respond to it under penalty of perjury.

17        RFA number 2 sought an admission that storm water flowing from the Facility is

18  discharged to "navigable waters."  The amended response is almost the same as the previous

19  response, that it requires an expert opinion or legal conclusion.  Callaway further states, "there is

20  no factual basis stated that would justify or qualify what is meant by the phrase 'discharged' in

21  relationship to the "Facility" and a "Navigable Water."

22        In response to RFA number 5, seeking an admission that the Facility falls within

23  the Standard Industrial Classification Code for "Ready-mixed Concrete," i.e. SIC Code 3273,

24  Callaway rescinded his previous admission, and changed the admission response to "denies."  He

25  objected to the RFA as unintelligible as currently framed.  He also gave the same response as

26  stated previously, that it required an expert opinion or legal conclusion.

1    　　　　In later responses, Callaway provided responses similar to the aforementioned

2    responses, and added that the request is "over broad; disjunctive; absent foundation; devoid of

3    any facts to support the complainant opinions or conclusions." See RFA number 8, seeking an

4    admission that "wastes generated during the processing of the various aggregate materials used in

5    the manufacturing of concrete may come into contact with storm water at the Facility."

6    　　　　In response to other RFAs, Callaway has included the aforementioned responses,

7    as well as that the RFA is hearsay, is not reasonably calculated to lead to the discovery of

8    admissible evidence, and that the events referenced appear to be one time acts. See e.g. RFA no.

9    21.

10   　　　　Since the court's order granting CalSpa's most recent motion to compel, and

11   compelling Callaway to respond to the First Set of Requests for Admissions numbered 1-16, and

12   19-22, (dkt. nos. 72, 74), Callaway has filed no amended responses, and has disobeyed that order.

13   At hearing, he claimed to have responded further by inserting amended responses into the Joint

14   Statement; however, the joint statement contains mostly Callaway's argument on the merits in

15   response to each RFA, plus purported, amended responses to less than half of the RFAs.[5]

16   Despite the court's description of discovery efforts in the March 20 order, Callaway continues to

17   feign ignorance of plainly worded requests, and raises further, meritless objections.

18   Furthermore, Callaway's protestations that he is being asked to apply law to facts, at least as he

19   sees it, is not an appropriate grounds for objection.  While requests that ask for pure conclusions

20   of law are improper, and often incorrect as they admit no exceptions (e.g., admit that the Fourth

21   Amendment prohibits all seizures without a warrant), as are requests that ask the responder to

22   admit to a legal conclusion which would end the case, ( e.g., in a tort suit– admit that you drove

23   negligently through the intersection causing the accident), a request that requires application of

24   law to facts is not improper.  Garcia v. Clark, 2012 WL 1232315 (E.D. Cal. 2012) citing Safeco

25   
26   　　　　[5]  CalSpa moved Callaway's objections out of the body of plaintiff's RFAs, into a
     separate section of the document.

1   Ins. Co. Of Am.v. Rawston, 181 F.R.D. 441, 445 (C.D. Cal. 1998).  See also Fed. R. Civ. P.

2   33(a)(2) when referencing contention interrogatories (the nearly identical sibling of the request

3   for admission): "An interrogatory is not objectionable merely because it asks for an opinion or

4   contention that relates to fact, or the application of law to fact..."

5            For example, in response to RFA number 1, which states, "that the Facility is

6   subject to the General Permit," Callaway responded:

7            Defendant objects to the use of the word "LEASE" and any
         presumption that there now exists "any commercial agreement, oral
8        or written, relating to use, possession or tenancy of the
         FACILITY."  Defendant is informed and believes Plaintiff's
9        Counsel Erik roper is in possession of a document provided by the
         new proprietor Mr. Rick McGregor regarding the "FACILITY" as
10       referenced above.  Defendant was informed by Mr. McGregor that
         McGregor informed Plaintiff's counsel that Defendant was no
11       longer operating from that location.

12   (Jt. Stmt. at 10, 13.)

13           Elsewhere, but apparently also in response to RFA number 1, Callaway states:

14       Defendant Callaway objects because the request asks that he admit
         a proposition of law.  Defendant further objects because this
15       request asks that he admit a matter that is subject [to] a
         determination involving both facts and law yet to be determined at
16       trial.  If the Plaintiff has witness to prove his alleged injury, then
         Plaintiff needs to call them at trial.

17

18   (Id. at 19.)

19           Another example is RFA number 3 which states, "[t]hat storm water associated

20   with industrial activity is discharged from the facility."  (Id. at 10.)  Callaway's response states:

21           Defendant objects as the request asks that he admit to an
         overbroad period of time without qualification.
22           Defendant Callaway objects because the request asks that
         he admit to a proposition of law.  The request calls for a legal
23       conclusion as to the word discharged it also calls for an expert
         opinion as to that the constituted "storm water associated with
24       industrial activity."  It would not be common practice to sell
         concrete during the storm weather.
25           To the best of his recollection there was no activity or work
         was performed and / or sold concrete during a storm.
26           Thus on that basis Defendant denies.

7

1          Further Defendant Callaway denies any possibility of such
           activities after November 30, 2010.
2

3    [Sic.]  (Id. at 20.)

4          Callaway's other objections are similar in nature.

5          These "second amended responses" are not proper in timing, manner, or

6    substance.  Callaway was directed to respond to the RFAs by March 31, 2012, per Order filed

7    March 16, 2012, (extended by order to April 20, 2012), and was directed to respond in "good

8    faith."  Callaway's responses should have been produced in a separate document from the Joint

9    Statement in a specific format.  See W.W. Schwarzer, A.W. Tashima & J. Wagstaffe, Federal

10   Civil Procedure Before Trial § 11:2031.  The responses were required to consist of either an

11   admission, a denial, or a statement explaining why the responding party is unable to admit or

12   deny.  Id. at §11:2033.  Objections such as those argued by Callaway within the Joint Statement

13   are not acceptable.  See Fed. R. Civ. P. 36(a)(4) ("If a matter is not admitted, the answer must

14   specifically deny it or state in detail why the answering party cannot truthfully admit or deny it").

15    Callaway stated nothing at hearing to persuade the undersigned that the requests for admissions

16   should not be deemed admitted; rather all of his conduct evinces further foot dragging.  Callaway

17   was previously provided the opportunity to respond to the requests for admissions without

18   penalty.  Because he has failed to comply with the court's previous order, and has made no effort

19   to cooperate with plaintiff's discovery, the admissions will be deemed admitted.

20        II.  Monetary Sanctions

21          Because the effect of deeming these RFAs admitted is a sufficient penalty, the

22   court will not sanction Callaway further by requiring him to pay attorneys' fees.  CalSpa's

23   request for monetary sanctions is denied.

24   /////

25   /////

26   /////

8

CONCLUSION

Accordingly, IT IS ORDERED that:

1. CalSpa's motion to compel, filed April 25, 2012, (dkt. no. 79), is granted.

2. CalSpa's First Set of Requests for Admissions, numbered 1 through 16, and 19 through 22, are deemed admitted.

3. CalSpa's request for monetary sanctions is denied.

DATED: May 30, 2012

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:076/CSPA1801.rfa.wpd

9