UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CALIFORNIA SPORTFISHING PROTECTION ALLIANCE,

Plaintiff,

v.

WILLIAM CALLAWAY, dba PARADISE READY MIX,

Defendant.

No. 2:10-cv-1801 TLN GGH PS

**ORDER AND FINDINGS AND RECOMMENDATIONS**

Previously pending on this court's law and motion calendar for August 1, 2013, was defendant Callaway's amended motion for sanctions, filed June 17, 2013. Also pending before the court are Callaway's original motion for sanctions, filed May 9, 2013, (ECF No. 124), taken under submission without a hearing, as was Callaway's motion to dismiss, filed April 29, 2013, (ECF No. 123) and CalSpa's motion to dismiss, filed April 29, 2013. (ECF No. 118). See ECF No. 130.[1] William Callaway appeared in pro se. CalSpa was represented by Andrew Packard. Having reviewed the papers in support of and in opposition to the motions, the court now issues the following order and findings and recommendations.

[1] In objections filed June 14, 2013, defendant claims he did not stipulate to having the motions taken under submission without a hearing, and requests that the hearing be rescheduled. (ECF No. 131).

FACTUAL AND PROCEDURAL BACKGROUND

This action was filed on July 13, 2010, and it is proceeding on the amended complaint, filed June 21, 2011. California Sportfishing Protection Alliance ("CalSpa") is proceeding as a "citizen enforcer," under the Clean Water Act ("CWA"), 33 U.S.C. § 1251 et seq., alleging that William Callaway, dba Paradise Ready Mix, Inc. ("PRM") is continuing to violate the terms of the National Pollutant Discharge Elimination System (NPDES) Permit based on storm water discharged to a "wash" at the border of the cement facility from Callaway's ready mix concrete facility in Paradise (hereinafter "Facility"). In addition to these alleged violations, CalSpa further alleges that Callaway failed to implement the required Best Available Technology Economically Achievable ("BAT") for toxic and non-conventional pollutants, and Best Conventional Pollutant Control Technology ("BCT") for conventional pollutants, and that he failed to develop and implement an adequate Storm Water Pollution Prevention Plan and adequate Monitoring and Reporting Program. CalSpa seeks civil penalties, injunctive relief and costs.

On November 28, 2012, the undersigned issued findings and recommendations, recommending that Callaway's motion for summary judgment be denied and CalSpa's motion for partial summary judgment be granted for Claims Three, Four and Six. On March 7, 2013, the district court adopted the findings and recommendations in full. CalSpa then filed a motion to dismiss the case without prejudice on April 29, 2013, explaining that its limited resources are better spent on other polluters. (ECF. No. 118). Also on that date, Callaway filed his own motion to dismiss with prejudice for failure to join an indispensable party under Fed. R. Civ. P. 19. (ECF No. 123.) Callaway also filed a motion for sanctions on May 9, 2013, followed by an amended motion for sanctions on June 14, 2013 (ECF. Nos. 124, 132). All motions are opposed.

The grant of partial summary judgment was based in part on Callaway's delay and failure to completely respond to Requests for Admissions (RFAs) propounded on him during the discovery phase of this litigation which resulted in the admissions being deemed admitted as to material aspects of CalSpa's case. The details of Callaway's initially deficient responses, followed by further responses which were deficient in timing, manner and substance, followed by a court order to respond, and extensions of time to respond, are outlined in the order deeming

most of the RFAs admitted. (ECF No. 86.[2]) When CalSpa filed its partial summary judgment motion based for the most part on these admissions, Callaway opposed the motion, filed a cross-motion, and was represented by counsel appearing specially at the hearing. Callaway also had the opportunity to file objections to the findings and recommendations which recommended granting partial summary judgment, and he did so only after being granted two extensions of time by the undersigned. The district court adopted the findings and recommendations on March 7, 2013.

The admissions deemed admitted are set forth in the Findings and Recommendations filed November 28, 2012. See ECF No. 102. Specifically in regard to the issues raised by Callaway in his instant motions and in opposition to CalSpa's motion, included were the admissions that the Facility[3] is subject to the general permit, that storm water associated with industrial activity was discharged from the facility into navigable waters, and that pollutants in the water discharged

---

[2] That order, issued May 31, 2012, recounted the following in regard to Callaway's responses to the RFAs:

> Plaintiff's first set of requests for admissions were served on Callaway on January11, 2011. [fn omitted.] Although Callaway did respond, the responses contained "myriad deficiencies and improprieties," according to plaintiff. (Dkt. no. 70 at 7.) On November 2, 2011, Callaway provided amended responses; however, as they were insufficient, on November 14, 2011, plaintiff moved to compel amended responses to these requests. (Dkt. no. 49.) The original hearing date of December 15, 2011 was continued a few times, and was finally heard on March 15, 2012. By orders filed March 16 and 20, 2012, Callaway was directed to respond to discovery, including CalSpa's First Set of Requests for Admissions, numbered 1-16, and 19-22. (Dkt. nos. 72, 74.) Callaway was admonished that his discovery efforts in this case up to that point were obfuscative.
>
> …
>
> At that time, Callaway was warned that "failure to properly respond to the discovery requested would result in sanctions, including the possibility of some or all admissions being deemed admitted. (Dkt. no. 72.) After Callaway filed objections and they were considered, the court extended Callaway's deadline to respond from March 31 to April 20, 2012. Despite being contacted by CalSpa, Callaway still did not produce any further responses in a separate pleading.

(Id. at 2-3.)

[3] The term "Facility" refers to "the ready mix concrete facility at issue in this action." (ECF No. 32 at 2:2.)

exceeded certain permitted concentrations. (RFA nos. 1, 2, 3, 11-13.) The order finally concluding that admissions numbered 1 through 16, and 19 through 22 were deemed admitted was issued on May 31, 2012. (ECF NO. 86.)

Although Paradise Ready Mix was originally named as a defendant in the complaint along with William Callaway, the parties filed a stipulation on June 2, 2011, agreeing that "Callaway operates the ready mix facility at issue in this action ("Facility") as a sole proprietorship under the business name, Paradise Ready Mix; and that Defendant Paradise Ready Mix, Inc. is a non-existent corporate entity." Based on this stipulation, the parties agreed that CalSpa could file its first amended complaint ("FAC") which removed Paradise Ready Mix, Inc. as a defendant.[4] (ECF No. 32.) The FAC named only "William Callaway, an individual, dba Paradise Ready Mix" as the defendant. (ECF No. 34.)

DISCUSSION

I. The Parties' Motions to Dismiss

CalSpa first filed its motion to dismiss on April 29, 2013, based on its determination that its limited resources would be put to greater use in pursuing other violators. CalSpa indicates that it has already obtained a $29,000,000 default judgment against Callaway in a different case, and based on its experience with this defendant, who has represented that he is no longer the operator of the Facility, it wishes to dismiss this action without prejudice. Callaway has not filed an opposition to this motion; however, he has filed his own motion to dismiss with prejudice, based on failure to join required parties Bill Jennings and/or Chris Shutes, who CalSpa claims have been injured in support of organizational standing.

This court has already addressed the issue of organizational standing in a fully developed opinion on summary judgment. (ECF No. 102 at 11-16.) These Findings and Recommendations were adopted in full by the district court. (ECF No. 111.) This issue will not be revisited, and Callaway's motion to dismiss should be denied.

/////

[4] Defendant Brian Harrison was also removed as a defendant at this time. (Id.)

Callaway has not opposed CalSpa's motion to dismiss which asserts that Callaway has no legal claims in this action which would be affected by the dismissal; Callaway will not lose any defenses as a result of the dismissal; plaintiff has no intention to refile this action in any forum and therefore Callaway will not be prejudiced by forum shopping; and CalSpa is not seeking to temporarily avoid an adverse ruling from a pending motion by filing this motion to dismiss.

Pursuant to Fed. R. Civ. P. 41(a), a voluntary dismissal after defendant has answered but where all parties have not stipulated to the dismissal, is permissible "at the plaintiff's request only by court order, on terms that the court considers proper." A voluntary dismissal, unless stated otherwise, is without prejudice. Id., 41(a)(2).

The undersigned finds the reasons proffered for the dismissal request are appropriate, and that Callaway will not be prejudiced by such a dismissal. See Smith v. Lenches, 263 F.3d 972, 975 (9th Cir. 2001) (finding defendant must show "plain legal prejudice" to avoid voluntary dismissal under Rule 41(a)(2). Therefore, CalSpa's voluntary motion to dismiss should be granted.

II. Callaway's Amended Motion for Sanctions

In his amended motion,[5] Callaway seeks sanctions against CalSpa,[6] its attorneys of record Andrew Packard, Erik Roper, Emily Brand, Robert Tuerck, and geologist John Lane.[7] The grounds for the motion are Callaway's belief that certain declarations filed in support of CalSpa's oppositions to Callaway's motions to dismiss and for summary judgment, contained false and misleading statements which were relied upon by the undersigned in denying those motions. Callaway complains that despite having been provided a copy of Callaway's motion more than twenty-one days earlier, CalSpa has not withdrawn or modified the declarations in accordance

---

[5] The amended motion supersedes the original motion, filed May 9, 2013. See Dkt. No. 124. Therefore, sanctions previously sought against non-attorneys and CalSpa executives Jennings and Shutes will not be considered because they are no longer sought against these individuals. See also Fed. R.Civ. P. 11(c)(1) (sanctions may be imposed against attorneys, law firms or parties only).

[6] Monetary sanctions against CalSpa itself for violations of Rule 11(b)(2) are also impermissible because it is a represented party. Fed. R. Civ. P. 11(c)(5)(A).

[7] Callaway incorrectly refers to this geologist as Joseph Lane. See ECF. No. 64. Sanctions may not be imposed against this non-attorney. Fed. R. Civ. P. 11(c)(1).

with Fed. R. Civ. P. 11(c)(2). Callaway also contends that both the complaint and amended complaint are "shotgun" pleadings because they are "totally void of any substantive facts."

"Rule 11 requires the imposition of sanctions when a motion is frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose." Conn v. Borjorquez, 967 F.2d 1418, 1420 (9th Cir. 1992). "The central purpose of Rule 11 is to deter baseless filings." United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 254 (9th Cir.1992) (quoting Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 110 S. Ct. 2447, 110 L.Ed.2d 359 (1990)). An "improper purpose" is a purpose to "harass or to cause unnecessary delay or needless increase in the cost of litigation." Fed. R. Civ. P. 11(b)(1). The test for improper purpose is an objective one. G.C. and K.B. Invs., Inc. v. Wilson, 326 F.3d 1096, 1109 (9th Cir.2003). If the court finds that Rule 11(b) has been violated, it may impose a reasonable sanction on any attorney, law firm, or party that violated the rule. Fed. R. Civ. P. 11(c). A Rule 11 motion for sanctions "must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Fed. R. Civ. P. 11(c)(2). This safe harbor provision is mandatory and strictly enforced in the Ninth Circuit. Radcliffe v. Rainbow Constr. Co., 254 F.3d 772, 789 (9th Cir. 2001); Holgate v. Baldwin, 425 F.3d 671, 678 (9th Cir. 2005).

In the instant case, Callaway served his motion for sanctions on CalSpa on March 7, 2013. He then filed his 46 page motion on May 9, 2013; however, the filed version is different and longer than the served version by about nine pages. See Packard Dec., ¶ 2, Ex. A, dkt. no. 129; Dkt. no. 125. Nevertheless, the amended motion, filed June 17, 2013, (ECF No. 133), is 36 pages and appears to be the same motion previously served on CalSpa. Therefore, Callaway has (belatedly) complied with the safe harbor requirement of Rule 11.

In regard to the merits of the motion, Callaway first contends that the amended complaint is a shotgun pleading. Callaway is informed that under the Federal Rules of Civil Procedure, only notice pleading is required. Fed. R. Civ. P. 8 sets forth general rules of notice pleading in the Federal Courts. See Swierkiewicz v. Sorema, 534 U.S. 506, 122 S. Ct. 992 (2002). Complaints

are required to set forth (1) the grounds upon which the court's jurisdiction rests, (2) a short and plain statement of the claim showing entitlement to relief; and (3) a demand for the relief plaintiff seeks. Rule 8 requires only "sufficient allegations to put defendants fairly on notice of the claims against them." McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991). As the Ninth Circuit found in Bautista v. Los Angeles County, 216 F.3d 837, 843 (9th Cir. 2000) (Reinhardt, J., conc.): "True, the complaint states the relevant facts at a high level of generality. But that is the point of notice pleading: a plaintiff need only provide the bare outlines of his claim. As one authoritative treatise has summarized the matter, "except when specific pleading is required . . ., evidentiary facts need not be set forth in the complaint: '(F)ederal courts and litigants must rely on summary judgment and control of discovery to weed out unmeritorious claims.' " 2 William W. Schwarzer et al., Federal Civil Procedure Before Trial ¶ 8:16, at 8-4 (2000) (quoting Leatherman [v. Tarrant Co. Narcotics Intelligence & Coordination Unit], 507 U.S. [163], 168-169, [113 S. Ct. 1160 (1993)])."

Callaway has waived any argument that the amended complaint is a "shotgun pleading" because he had the opportunity to challenge it on this basis much earlier in the proceedings, prior to summary judgment. In any event, the amended complaint complies with all of the requirements of Rule 8.

Callaway's main contention is that certain declarations filed in this case contained erroneous information. For example, Mr. Roper's declaration in support of the motion for partial summary judgment states that attached is a Notice of Intent to Comply with the Terms of the General Permit to Discharge Storm Water, as Exhibit A to his declaration, filed September 20, 2012. (Dkt. no. 94 at 2:15-19, 6-7.) The NOI contains Callaway's signature. Callaway states that he never signed a NOI in his private capacity, and that he never signed on behalf of Paradise Ready Mix, but only did so on behalf of Paradise Ready Mix, *Inc.* (ECF. No. 133 at 6:12-14, 7:11-12, 8:11.) Callaway claims that Roper should have been aware of this fact. Callaway further claims that Roper's representation to the court that Callaway was the *de jure* operator of the Facility was materially false and misleading. Id. at 12:3-5. These arguments were previously made by Callaway and rejected by the court. See Order and Findings and Recommendations,

filed March 20, 2012 (ECF No. 74 at 16:11-13) (finding that since the Regional Board never approved a Notice of Termination, Callaway continued to be the *de jure* operator of the Facility).[8] In this same order, the court denied Callaway's motion to dismiss on this basis, further noting that although discovery was ongoing at that time, CalSpa had evidence that Callaway was operating the facility as recently as October, 2011, and Callaway had not presented evidence that he had ceased all business. See id. at 12-13. After this order was issued, the RFAs were deemed admitted and established that the Facility was subject to the General Permit. Findings and Recommendations, filed November 28, 2012. (ECF No. 102 at 5.) Furthermore, Callaway separately signed a stipulation on June 21, 2011, agreeing that he was operating the Facility as a sole proprietorship under the name, "Paradise Ready Mix," and that "Defendant Paradise Ready Mix, Inc. is a non-existent corporate entity." (ECF No. 32 at 2.)

With respect to these contentions, plaintiff did everything possible to name the proper defendant, including amending the complaint on June 21, 2011, as soon as it became evident that the originally named defendant, Paradise Ready Mix, Inc., was (or had become) a non-existent corporate entity, and that originally named defendant Harrison filed a declaration that he was merely an employee of Callaway and does not operate or manage the Facility. In fact, Callaway signed the stipulation to this effect. (ECF No. 32, 34.) Callaway's precise signing status at the time of the NOI is an immaterial fact.

Furthermore, the overriding issue in this case was whether pollutants were discharged into navigable waters and that issue was resolved by the Admissions which were deemed admitted *against Callaway*. See ECF No. 102 at 5. Callaway was given at least three opportunities to respond to the RFAs**;** however**,** he failed to do so, intentionally dragging his feet and behaving in an obstreperous manner**.** See ECF No. 86 at 2-3. Therefore, for all intents and purposes, the case against Callaway was decided on the RFAs at the discovery stage of the process.

/////

[8] At some time not disclosed by Callaway, but demonstrated by his representations herein, he took over whatever corporation existed in respect to operation of the Facility including its licenses and right to operate under the applicable environmental laws.

Although the motion for sanctions is frivolous on its merits, the filing of CalSpa's voluntary motion to dismiss also requires denial of the motion. CalSpa argues that its voluntary motion to dismiss its amended complaint constitutes a withdrawal of the allegedly violative pleading for purposes of Rule 11, and therefore the sanctions motion is not permitted, citing Fed. R. Civ. P. 11(c)(2) and numerous cases in support. Callaway has not responded to this contention.

The Ninth Circuit, as referenced by CalSpa, has held that amendment or dismissal of claims after a motion for sanctions has been presented, but within the safe harbor period, acts as a withdrawal of challenged claims and therefore obviates a Rule 11 motion. Sneller v. City of Bainbridge Island, 606 F.3d 636, 639 (9th Cir. 2010). Here, CalSpa actually filed its motion to dismiss prior to Callaway's initial motion for sanctions, which sequence of events provides further support for a decision that Rule 11 sanctions should not be permitted. See Gomes v. American Century Companies, Inc., 2010 WL 1980201, *3 (E.D. Cal. May 17, 2010) (reasoning that to permit sanctions where plaintiff had filed voluntary dismissal *prior* to defendant bringing sanctions motion "would be contrary to the spirit of Rule 11").

The court's own research located very few cases decided after the addition of the safe harbor provision pursuant to the 1993 amendments[9] which supports Rule 11 sanctions despite a voluntary dismissal, but they are not binding precedent.[10] In at least one case, the court addressed particularly egregious behavior, violation of a duty to conduct a reasonable inquiry into the law,

---

[9] In Morroni v. Gunderson, 169 F.R.D. 168, 171 (M.D. Fla. 1996), the court noted that "Cooter and Gell v. Harmarx Corp. was decided in 1990, three years prior to the 1993 amendments, including the addition of the 21 day 'safe harbor' period to Rule 11. Thus, the 1993 amendments to Rule 11 had the effect of overruling Cooter and Gell v. Hartmarx to the extent that under the 1993 version of Rule 11, a party who seeks Rule 11 sanctions based upon allegations in a complaint, cannot wait until the action has been voluntarily dismissed by the opposing party because the party who voluntarily dismisses a case has withdrawn the offending pleading by dismissing the case."

[10] There are of course cases which impose sanctions under 28 U.S.C. § 1927, despite a voluntary dismissal, where a party unduly multiplies the proceedings, but Callaway has moved under Rule 11 only, and in any event there is no indication that CalSpa has prolonged these proceedings. See Macheska v. Thomson Learning, 347 F.Supp.2d 169, 179 (M.D. Pa. 2004) (citing cases after the 1993 amendments which upheld Cooter & Gell and Bolivar v. Pocklington, 975 F.2d 28 (1st Cir. 1992), insofar as they applied to post-dismissal filing of a § 1927 motion).

which is not the case here. See Horton v. Trans World Airlines Corp., 169 F.R.D. 11, 15-16 (E.D. N.Y. 1996) (sanctions motion permissible against pro se litigant who was not aware of privilege against defamation for statements in documents filed for judicial proceeding when he filed his complaint for defamation). See also Macheska, 347 F.Supp.2d at 179 (finding Rule 41(a) does not deprive court of jurisdiction to decide collateral matters such as sanctions). The vast majority of apposite cases are those cited by plaintiff which preclude consideration of a sanctions motion after a voluntary dismissal: Aerotech, Inc. v. Estes, 110 F.3d 1523, 1528 (10th Cir. 1997) (voluntary dismissal prior to motion for Rule 11 sanctions served to "cure" alleged violation because this is purpose of safe harbor provision); Hockley by Hockley v. Shan Enterprises Ltd. Partnership, 19 F.Supp.2d 235, 241 (D.N.J. 1998) (voluntary dismissal acts to withdraw party's position that was challenged by Rule 11 motion); Nagle Industries, Inc. v. Ford Motor Co., 173 F.R.D. 448, 458 (E.D. Mich. 1997) (noting Rule 11(c)(1)(A)'s provision that a motion for sanctions may not be filed if the challenged claim is withdrawn after receiving notice of the violative conduct); Morroni v. Gunderson, 169 F.R.D. 168, 171-72 (M.D. Fla. 1996) (finding defendants should not have filed a Rule 11 motion where plaintiffs had already voluntarily dismissed action in compliance with safe harbor provision); Photocircuits Corp. v. Marathon Agents, 162 F.R.D. 449, 452 (E.D.N.Y. 1995) (noting partial rationale behind safe harbor provision was to reduce Rule 11 volume and eliminate abuses proscribed by that rule, and holding that withdrawal of complaint "immunized" counsel in that case).

CalSpa's motion to dismiss is brought on the basis that, despite its success in prevailing on the third, fourth and sixth claims, it is not efficient to proceed further against this particular defendant when its limited resources would be better utilized against other polluters. Thus, although its motion is not based on an attempt to eliminate claims that might be the subject of a sanctions motion, the result of its motion is that it obviates the need for such a motion. Therefore, Callaway's motion for sanctions is denied.[11]

---

[11] To the extent that Callaway seeks monetary sanctions, he is advised that attorneys' fees are generally not available to a party proceeding without counsel. Kay v. Ehrler, 499 U.S. 432, 435 n. 5, 111 S. Ct. 1435, 1436-37, n. 5 (1991).

III. CalSpa's Request for Attorneys' fees

In its opposition to the sanctions motion, CalSpa requests attorneys' fees in the amount of $4,547.50 for work expended in opposing the initial and amended motions for sanctions. Under Federal Rule of Civil Procedure 11(c)(2), "[i]f warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion." Although Callaway's motion was devoid of merit, the Court does not find that the circumstances of this motion warrant an award of attorneys' fees. The effect of sanctions on top of a $29,000,000 default judgment is devoid of practical meaning. Moreover, CalSpa has determined to dismiss this case. The court is unwilling to expend further resources in this case for no apparent purpose.

However, the court's ruling works both ways. Except for filings made to seek review of these Findings and Recommendations and Order, or as otherwise permitted by the District Judge, or as otherwise appropriate for an appeal to the Ninth Circuit, Callaway is hereby prohibited from filing any further documents in this case. Further filings in violation of this order will simply be ignored. And, except as necessary to respond to Callaway filings permitted by this order, CalSpa is under no obligation to respond to further Callaway filings.

CONCLUSION

Accordingly, IT IS ORDERED that:

1. Defendant Callaway's amended motion for sanctions, filed June 14, 2013, (ECF No. 132), is denied; and

2. Plaintiff CalSpa's request for attorneys' fees, filed July 18, 2013,(ECF No. 135), is denied.

3. Defendant Callaway, whether represented or unrepresented, is prohibited from making further filings in this case except as set forth above. CalSpa has no duty to respond to further Callaway filings except as to those Callaway filings permitted by this order.

For the reasons explained herein, IT IS HEREBY RECOMMENDED that:

1. Plaintiff CalSpa's motion to dismiss without prejudice pursuant to Fed. R. Civ. P. 41(a)(2), filed April 29, 2013, (ECF No. 118), be granted; and

2. Defendant Callaway's motion to dismiss with prejudice, filed April 29, 2013 (ECF No. 123), be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven (7) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 20, 2013

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:076/CSPA1801.mtn-san